UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE NIETO,<br><br>                  Petitioner,<br><br>       v.<br><br>THERESA CISNEROS,<br><br>                  Respondent. | Case No.  1:21-cv-01582-HBK<br><br>ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS<br><br>(Doc. No. 1) |

Before the court is petitioner Eddie Nieto's operative petition for writ of habeas corpus under 28 U.S.C. § 2254 transferred into this court on October 27, 2021.  (Doc. No. 1).  The Court has conducted a preliminary review of the petition.  *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243.  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  It is not clear from the face of the petition whether Petitioner is entitled to relief.  28 U.S.C. § 2243.

Accordingly, it is hereby **ORDERED:**

1. No later than **sixty (60) days** from the date of entry of this Order, Respondent is **DIRECTED** to respond to each ground and argument raised in the petition and show cause why the petition should not be granted.  A response may be one of the following:

    (A) An answer addressing the merits of the petition.  This response, which may not

exceed fifty (50) pages in length without the court's leave,

    i. must set forth the facts and procedural history of the case and address each ground, allegation, and argument raised in the petition. **Conclusory statements and summary arguments that petitioner is not entitled to relief under § 2254 are not acceptable responses.**

    ii. in addressing the merits of **each** ground, respondent must identify:

        a. where each ground was raised in the state court record;

        b. the reason(s) the state court denied the ground;

        c. the legal citations that the state court relied on in denying the ground; and

        d. a pinpoint citation to the state court record and a copy of the state court opinion(s) addressing the ground.

(B) A motion to dismiss the petition. This limited response must include only portions of the state record necessary for the court to decide the bar to a merits review.

2. Respondent is **DIRECTED** to electronically file all transcripts and other documents necessary for resolving the issues presented in the petition. *See* R. Governing Section 2254 Cases 5(c).

    (A) The record must include – as separate exhibits – all relevant portions of the state court proceedings including, but not limited to:

        i. any brief submitted by petitioner or prosecution in trial and appellate courts relating to the conviction or sentence;

        ii. the opinions and dispositive orders of the trial and appellate courts relating to the conviction or sentence; and

        iii. transcripts of pre-trial, trial, sentencing, and post-conviction proceedings as appropriate.

    (B) The record must include an electronically bookmarked index with sufficiently detailed bookmarks that identify the title of each exhibit

and the page location within the record as filed in CM/ECF.  **Failure to do so may result in the court directing respondent to refile the state court record**.

(C) The record must be arranged so each post-conviction motion, response, and state court order addressing the motion is a separate exhibit.

3. If Respondent files an answer to the petition, Petitioner may file a reply within **thirty (30) days** of the date of service of Respondent's answer.  The reply must not exceed twenty (20) pages without the court's leave.  If no reply is filed within thirty (30) days, the petition and answer are deemed submitted.  The court will not address new grounds raised in the reply. *See United States v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

4. If Respondent moves to dismiss, Petitioner must file an opposition or statement of non-opposition within **twenty-one (21) days** of the date of service of Respondent's motion.  Any reply to an opposition to the motion to dismiss must be filed within **seven (7) days** after the opposition is served.

5. Unless already submitted, both Respondent and Petitioner must complete and return to the court within **thirty (30) days** a consent/decline form indicating whether the party consents to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1).

6. The Clerk of Court is directed to send an electronic copy of this order to the Attorney General of the State of California, and to mail a copy of this order to Petitioner.

7. All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the court.

8. Extensions of time will be granted only upon a showing of good cause.

DONE AND ORDERED

Dated:    January 20, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE