UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE NIETO,<br><br>            Petitioner,<br><br>   v.<br><br>THERESA CISNEROS,<br><br>            Respondent. | Case No. 1:21-cv-01582-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AMENDED PETITION FOR FAILURE TO EXHAUST[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. Nos. 16, 20) |

Petitioner Eddie Nieto, a state prisoner proceeding *pro se*, has pending an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 16). Respondent filed a motion to dismiss on June 3, 2022. As of the date of this order, Petitioner has not filed a response to the motion, nor requested an extension of time to respond, and the time for doing so has expired. (*See* Doc. No. 9 at ¶ 3, advising Petitioner that he has thirty (30) days to file a response if Respondent files motion to dismiss). For the reasons set forth more fully below, the undersigned recommends granting Respondent's motion to dismiss because the grounds for relief raised in the amended petition are unexhausted.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

## I. BACKGROUND

Petitioner challenges his conviction by a jury for committing lewd acts on a six-year old girl and a special allegation that he kidnapped the victim. (*See* Doc. No. 16). The amended petition raises two grounds for relief: (1) Petitioner was denied a fair trial because a jury request for readback during deliberation was denied; and (2) the jury was not given further explanation of the kidnapping jury instructions (specifically regarding physical force and deception) after it sent a note to the trial judge.[2] (*Id*. at 3-4). Respondent argues the amended petition should be dismissed as unexhausted. Petitioner did not file a response.

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is not a jurisdictional issue but is based on comity to permit the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the

---

[2] Respondent also argues "it is unclear what specific federal constitutional claim Petitioner is raising." (Doc. No. 20). Because the undersigned recommends dismissal of the amended petition for failure to exhaust, it is unnecessary to consider whether the grounds asserted by Petitioner are cognizable on federal habeas review. *See Cooper v. Neven*, 641 F.3d 322, 327-28 (9th Cir. 2011) (stating that when a particular issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition.").

1  highest state court with a full and fair opportunity to consider each claim before presenting it to
2  the federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513
3  U.S. 364, 365 (1995).  Exhaustion is determined on a claim-by-claim basis.  *Insyxieng-May v.*
4  *Morgan*, 403 F.3d 657, 667 (9th Cir. 2005).  And the burden of proving exhaustion rests with the
5  petitioner.  *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay*
6  *v. Noia*, 372 U.S. 391 (1963)).  A failure to exhaust may only be excused where the petitioner
7  shows that "there is an absence of available State corrective process" or "circumstances exist that
8  render such process ineffective to protect the rights of the applicant."  28 U.S.C.
9  § 2254(b)(1)(B)(i)-(ii).

10      Here, Petitioner does not show that "there is an absence of available State corrective
11  process" or "circumstances exist that render such process ineffective to protect the rights of the
12  applicant."  Nor does the amended petition indicate that Petitioner sought habeas review before
13  state appellate or supreme court.³  (*See* Doc. No. 16 at 5-6).  The record reveals that Petitioner
14  filed a direct appeal of his conviction in the state appellate court; followed by a petition in the
15  California Supreme Court for review of the appellate court decision affirming the trial court
16  judgment.  (*See* Doc. Nos. 15-2, 15-3).  The petition for review in the California Supreme Court
17  raised two issues: (1) the use of an "erroneous" CALCRIM 1201 pattern jury instruction on
18  kidnapping caused undue prejudice and lessened the prosecutor's burden of proof in violation of
19  his Sixth and Fourteenth Amendment rights to a fair trial and due process, and (2) there was
20  insufficient evidence of physical force or fear under the theory of kidnapping elected by the
21  prosecution.  (Doc. No. 15-3 at 2).

22      As argued by Respondent, Petitioner does not raise either a claim of instructional error or
23  a claim of insufficient evidence that was presented to the California Supreme Court in his
24  operative amended petition.  (Doc. No. 20 at 3).  Instead, the amended petition includes two
25  entirely different claims:  a claim of trial court error stemming from the trial court failure to

---

³ The Court takes judicial notice of the California Courts Appellate Courts Case Information online database pursuant to Rule 201 of the Federal Rules of Evidence, which lists no appellate or supreme court habeas cases for Petitioner.  *See* https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "E Nieto").

adequately respond to a jury request for readback during deliberation; and a construed claim of trial court error stemming from a request from the jury for an explanation of the kidnapping jury instruction (specifically regarding physical force and deception).  (Doc. No. 16 at 3-4).  Because the substance of both claims raised in the state courts is different than the substance of the claims in the amended petition, the state supreme court has not had a fair opportunity to rule on the merits of the issues raised in Petitioner's amended petition.  *See* 28 U.S.C. § 2254(b).  Because the amended petition contains only unexhausted claim, it must be dismissed without.  If Petitioner has in fact exhausted these exact claims before the state courts, he should provide proof of this exhaustion in his objections to these findings and recommendations.

## IV. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id*.  Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further.  The undersigned therefore recommends that a certificate of appealability not issue.

////

////

Accordingly, it is RECOMMENDED:

1. Respondent's Motion to Dismiss (Doc. No. 20) be **GRANTED**.
2. The amended petition (Doc. No. 16) be **DISMISSED** without prejudice.
3. Petitioner be denied a certificate of appealability.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: July 27, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5