UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE NIETO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THERESA CISNEROS,<br><br>　　　　Respondent. | Case No.: 1:21-cv-1582 JLT HBK (HC)<br><br>ORDER CONSTRUING PETITIONER'S UNTIMELY OBJECTIONS AS A MOTION FOR RECONSIDERATION AND DENYING THAT MOTION<br><br>(Doc. 26) |

　　　　Previously, the Court granted the Respondent's motion to dismiss the petition as unexhausted. (Doc. 24.) The assigned magistrate judge issued Findings and Recommendations granting the motion to dismiss on July 28, 2022 and ordered Petitioner to file any objections within 14 days. (Doc. 23.) No objections were filed, and the Court issued an order adopting the Findings and Recommendations on October 11, 2022. (Doc. 24.)

　　　　On October 13, 2022, Petitioner filed an untimely response to the Findings and Recommendations, reporting that he had been in administrative segregation and "had no access to the law library." (Doc. 26 at 1.) In addition, he reported that "a lot of [his] stuff has been lost or stolen." (*Id.*) Thus, Petitioner request the court "consider" his situation. (*Id.*) In an abundance of caution, the Court will construe Petitioner's untimely response as a motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure.

　　　　Rule 60(b) governs the reconsideration of final orders of the district court, and permits a

1

district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence …; (3) fraud … of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied … or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted).  In addition, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision, *United States. v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks, citation omitted).

In the response to the Findings and Recommendations and request for the Court to "consider" his situation, Petitioner does not make any discernable argument. Rather, he simply informed the Court of his status in admirative segregation, and that many of his items have been stolen.  There are also many documents attached, including medical records from 2013, and Petitioner's assignment to the administrative segregation unit in July 2021.  (*See* Doc. 26 at 2-8.)  There are no documents addressing the findings of the Court related to his failure to exhaust his state judicial remedies.  (*See generally* Doc. 26.)

Petitioner has not identified any new or different facts, circumstances, or evidence such that reconsideration of the prior order and judgment would be appropriate.  Accordingly, the Court **ORDERS**:  Plaintiff's response to the Findings and Recommendations, construed as a motion for reconsideration, is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 8, 2022**

UNITED STATES DISTRICT JUDGE